United States District Court
Southern District of Texas
**ENTERED**
November 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| J.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:26-cv-388 |
| | § | |
| WILLIE G'S POST OAK, LLC, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the court is the plaintiff's ex parte motion to proceed under the pseudonym "J.C." Dkt. 3. Neither defendant has appeared or filed a response. For the following reasons, the motion is **GRANTED**.

This case concerns the sexual harassment and abuse of a minor. During the period relevant to this case, the plaintiff was a 16-year-old girl, employed by the defendants, Willie G's Post Oak, LLC, and Landry's Acquisition Co. *Id.* at 1. J.C. alleges that the defendants—despite having actual and/or constructive notice of the threat—failed to prevent her 34-year-old coworker, Doak, from sexually harassing and assaulting her. *Id.*

After receiving a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), the plaintiff filed this lawsuit on October 30, 2026, bringing claims for sexual harassment under Title VII of

the Civil Rights Act of 1964, negligent supervision and retention, negligent undertakings, and gross negligence. Dkt. 1 ¶¶ 45–78. Because the proceedings concern sensitive details about the abuse of a minor, the plaintiff asks to proceed under a pseudonym. Dkt. 3.

The public's right to scrutinize judicial proceedings usually precludes a party from proceeding under a pseudonym. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Indeed, Rule 10(a) requires parties to disclose their names when commencing a lawsuit. Fed. R. Civ. P. (10)(a) ("The title of the complaint must name all the parties."). Yet a court may excuse a party from doing so "when nondisclosure of the party's identity 'is necessary. . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *W.D.O. v. Harris Cnty. Sheriff Dep't*, No. H-05-2978, 2005 WL 8169263, at *1 (S.D. Tex. Dec. 5, 2005) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

A district court may consider at least three factors when deciding whether to let a party proceed anonymously: whether the plaintiff is (1) challenging the validity of government activity; (2) at risk of "divulging personal information of the utmost intimacy"; or (3) facing compulsion to disclose illegal conduct that might implicate the plaintiff in future criminal prosecutions. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne &*

*Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) ("*Southern Methodist*"); *see also Stegall*, 653 F.2d at 185–86 (clarifying that *Southern Methodist* "never purports to establish the three common factors it isolates as prerequisites to bringing an anonymous suit"). Overall, a party may sue anonymously when privacy concerns outweigh the public's interest in scrutinizing judicial proceedings. *See Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 WL 3640058, at *1 (S.D. Tex. July 6, 2020) (outlining this balancing test). The "special status and vulnerability" of child-litigants heightens privacy concerns. *Stegall*, 653 F.2d at 186.

The plaintiff describes this case as "a prototypical example of a circumstance where the use of a pseudonym is justified." Dkt. 3 at 4. She is correct.

This case involves matters of the "utmost intimacy." *Southern Methodist*, 599 F.2d at 713. Not only was the plaintiff a minor at all relevant times, but the adjudication of this dispute will likely involve unpacking intimate details surrounding her sexual harassment and assault. Dkt. 3 at 1. In an affidavit attached to this motion, the plaintiff's attorney, Nathaniel L. Foote, attests that, "[t]o plead and prove [the] claims [in this case], Plaintiff must publicly disclose not only the intimate details of her assault but also her sexual assault examination, her medical treatment following the assault, and

her mental health diagnoses and treatment." Dkt. 3-1 ¶ 7; *see also P.D. ex rel. C.D. v. Carroll Consol. Sch. Corp.*, 820 F. Supp. 2d 907, 909 (N.D. Ind. 2011) (considering an attached affidavit when ruling on a motion to proceed anonymously). Recognizing that litigation often requires the disclosure of such personal details, courts routinely permit survivors to proceed anonymously to avoid inflicting "additional psychological harm and humiliation." *CoreCivic, Inc.*, 2020 WL 3640058, at *2 (collecting cases). Accordingly, anonymizing the plaintiff's identity in this case would alleviate her concern that she would be permanently "brand[ed]. . . as a victim of child sexual assault" in the public's eye. Dkt. 3-1 ¶ 9.

Allowing the plaintiff to proceed under a fictitious name also would not prejudice the defendants. The defendants are aware of the plaintiff's identity because they employed her. Dkt. 3 at 4. The EEOC charge also disclosed her full name. *Id.*; *see Doe v. Strategic P'ships, Inc.*, No. 1:19-CV-695-RP, 2019 WL 13253839, at *2 (W.D. Tex. July 30, 2019) (observing that the inclusion of the plaintiff's name in "her EEOC discrimination charge[] make[s] the Plaintiff's identity easily ascertainable to the Defendant."). Hence, the plaintiff's pseudonym will likely not thwart the defendants' ability to conduct discovery or "otherwise hinder their defense of this action." *CoreCivic*, 2020 WL 3640058, at *2. An additional safeguard exists: If the defendants later

object to this ex parte relief, they may file a motion challenging the plaintiff's ability to proceed under a pseudonym. *See Strategic P'ships*, 2019 WL 13253839, at *2 n.1 (counseling that such relief is available).

Because the public's interest in knowing the plaintiff's identity does not outweigh her privacy concerns about disclosing intimate details of her childhood sexual abuse, the ex parte motion to proceed under a pseudonym is GRANTED. Dkt. 3.

Signed on Galveston Island this 6th day of November, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE